NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3557
_____

UNITED STATES OF AMERICA

v.

SCOTT CAPPS,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-18-cr-00572-001)
Honorable Michael M. Baylson, U.S. District Judge

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 8, 2021

Before: SHWARTZ, KRAUSE, and RENDELL, *Circuit Judges*

(Opinion filed: July 9, 2021)

_____

**OPINION**<sup>*</sup>
_____

KRAUSE, *Circuit Judge*.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Scott Capps challenges the District Court's imposition of a 48-month sentence following this Court's remand for resentencing in relation to his convictions for conspiracy to commit mail fraud, money laundering, and filing a false tax return. *See United States v. Capps*, 977 F.3d 250, 253 (3d Cir. 2020). At resentencing, the District Court reduced the applicable Sentencing Guidelines range but imposed the same sentence as before, which remained below the revised range. Capps argues on appeal that it was procedurally unreasonable to reimpose that sentence. Because the District Court meaningfully considered Capps's sentencing arguments and all relevant factors under 18 U.S.C. § 3553(a), it committed no procedural error and we will affirm its sentence.[1]

## I.    Discussion

When imposing a sentence, a district court must (1) "calculate a defendant's Guidelines [range] precisely," (2) "formally rul[e] on the motions of both parties and stat[e] on the record whether [it is] granting a departure and how that departure affects the Guidelines calculation," and, ultimately, (3) "exercise[] [its] discretion by considering the relevant [18 U.S.C. § 3553(a)] factors." *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (second, third, fifth, and seventh alterations in original) (citation omitted). While the District Court's consideration of these factors need not include explicit findings, its analysis "must adequately demonstrate its exercise of 'independent judgment' and meaningful consideration of the relevant sentencing factors" and any "colorable

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

argument[s] about the[ir] applicability" raised by the parties. *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010) (citation omitted). Capps claims that the District Court, in carrying out this final step, committed two procedural errors, and because he failed to object at sentencing, we review for plain error.[2]

But Capps cannot show error, much less plain error. First, he contends that the District Court misconstrued its discretion to vary from its original sentence, thereby failing to meaningfully consider the factors set forth in § 3553(a). But that assertion is belied by the record. Far from proceeding as if "bound to consider the original sentence," or the erroneous Guidelines calculation, Appellant Br. 12, the Court went "back over the original record and the record for [the resentencing] hearing," JA 148, and concluded that the relevant § 3553(a) factors presented no "need . . . to change the sentence," JA 150. Using the new Guidelines range and the "sentencing protocols established by [them]," JA 149, as the "starting point and . . . initial benchmark," for its analysis, *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) (citation omitted), the District Court again imposed a below-range sentence. In light of the Court's lengthy and "meaningful consideration" of the sentencing factors, *Merced*, 603 F.3d at 215, we are satisfied it did not misconstrue its discretion at step three of the sentencing process.

---

[2] To establish plain error, Capps "must show that there is '(1) an error; (2) that is plain; [and] (3) that affects substantial rights.'" *United States v. Poulson*, 871 F.3d 261, 270 (3d Cir. 2017) (citation omitted). Once those conditions have been met, this Court may "exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (citation omitted).

Neither can Capps prevail on his contention that the District Court did not acknowledge or address his argument for a downward variance based on post-sentencing rehabilitation. Capps argued that "he ha[d] proven his redemption," JA 144, in prison by taking "opportunities to self-reflect and permanently change his past . . . problematic thinking and behavior patterns," JA 143–44, and on that basis, he requested a sentence of time served. In response, the Court observed that Capps had "acknowledged that he made a terrible mistake," and had persuaded the Court that "his future life will not include any criminal conduct." JA 149. Considering the relevant § 3553(a) factors, however, including "the seriousness of the offense, . . . respect for the law, and [the need to] provide just punishment," JA 149, the Court concluded "that [a] time served sentence would [not] accomplish any of those goals," JA 149–50. The Court thus engaged with the substance of Capps's request.

In short, the sentencing judge "set forth enough to satisfy the appellate court that he has considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Because the District Court did not err in its "exercise of discretion" and "meaningful consideration of the relevant sentencing factors," *Merced*, 603 F.3d at 215 (citation omitted), we conclude that Capps's sentence was procedurally reasonable.

## II. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.